EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br>      Peticionario<br><br>      v.<br><br>Osvaldo Ríos Alonso<br>      Recurrido | Certiorari<br><br>99 TSPR 177 |
| --- | --- |

Número del Caso: CC-1997-0591

Fecha: 23/11/1999

Tribunal de Circuito de Apelaciones: Circuito Regional VII

Juez Ponente: Hon. Antonio J. Negroni Cintrón

Abogados de la Parte Peticionaria: Oficina del Procurador General
                                   Lcda. Rose Mary Corchado Lorent

Abogados de la Parte Recurrida: Lcdo. Edgardo L. Rivera Rivera

Materia: Art. 3.1 Ley 54

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

      v.                  CC-97-591     Certiorari

Osvaldo Ríos Alonso

    Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Andréu García

San Juan, Puerto Rico, a  23 de noviembre de 1999

I

El 30 de noviembre de 1996, el Ministerio Público presentó ante un magistrado una denuncia contra el recurrido, Osvaldo Ríos Alonso, por infracción a los Artículos 3.2 y 3.4 de la Ley Núm. 54 del 15 de agosto de 1989, Ley para la Prevención e Intervención con la Violencia Doméstica, 8 L.P.R.A. § § 632 y 634, respectivamente. Dicho magistrado encontró causa probable para arrestar al imputado por los mencionados cargos.

El 10 de enero de 1997, se celebró la vista preliminar y se determinó causa probable para presentar acusación por el delito menor incluido

de infracción al Artículo 3.1 de la Ley 54, mas no por los artículos 3.2 y 3.4. Inconforme, el Ministerio Público compareció en alzada ante otro magistrado, con el propósito de que se determinara causa probable por violación a los artículos 3.2 y 3.4 de la Ley 54 originalmente imputados en la denuncia que sirvió de base para el arresto del acusado. Celebrada la vista preliminar en alzada, el Magistrado determinó que no existía causa probable para presentar acusación contra el imputado por tales delitos. Nada más hizo constar en su resolución. Así las cosas, el Ministerio Público presentó acusación contra el recurrido por infracción al artículo 3.1 de la Ley 54, según le había sido autorizado en la vista preliminar original. En respuesta, estando pendiente la lectura de la acusación por este delito, la defensa presentó una moción de desestimación al amparo de la Regla 64 incisos (b) e (i) de Procedimiento Criminal, basada en la determinación de no causa emitida en la vista preliminar en alzada. Adujo que en virtud de dicha determinación el Ministerio Público carecía de autoridad para presentar la acusación en contra del recurrido y que el tribunal carecía de autoridad para entender en el proceso.

Llegado el día señalado para la lectura de la acusación, el acusado no compareció, alegadamente por haber perdido un vuelo procedente de Bogotá, Colombia, donde se encontraba grabando una novela televisiva. Por ello, el magistrado ordenó su arresto y le impuso una fianza de $5,000.00 para permanecer en libertad provisional. El tribunal procedió, además, a señalar el 13 de marzo de 1997 como nueva fecha para la lectura de la acusación. Esta vez el recurrido sí compareció, acompañado de su representación legal. Se argumentó por las partes la moción de desestimación presentada por la defensa y, luego de oídos los argumentos de las partes, se declaró sin lugar la moción de desestimación.

Insatisfecho con dicho dictamen, así como con la imputación de desacato criminal de que fue objeto por la incomparecencia a la lectura de la acusación señalada para el 27 de febrero de 1997, el acusado recurrió ante el Tribunal de Circuito de Apelaciones mediante Petición de

Certiorari. Dicho Tribunal, en sentencia emitida el 16 de septiembre de 1997, revocó la determinación del Tribunal de Primera Instancia y, en su lugar, ordenó el archivo y sobreseimiento del pliego acusatorio por infracción al Artículo 3.1 de la Ley 54. También desestimó el desacato criminal. En síntesis, resolvió que al solicitar la celebración de una vista preliminar en alzada el Ministerio Público había impugnado la determinación de causa probable obtenida en la vista preliminar original. No podía ahora, luego de una determinación adversa en la vista preliminar en alzada, aprovechar la autorización que se le concedió en la vista preliminar original para presentar la acusación por infracción al Artículo 3.1. Tampoco podía el tribunal imponerle un desacato criminal al peticionario por su incomparecencia a la lectura de acusación, pues carecía de jurisdicción para citarle a dicha vista.

De esta determinación es que recurre ante nos el Ministerio Público. Plantea que la determinación de causa probable obtenida en la primera vista preliminar subsiste no empece a la determinación de inexistencia de causa de la segunda vista, por lo que la presentación de la acusación fue válida, así como también la imposición del desacato criminal por la incomparecencia del recurrido a la vista de lectura de acusación.

Habiendo cumplido el recurrido con la orden para mostrar causa contenida en nuestra resolución del 19 de diciembre de 1997, expedimos ahora el auto solicitado y procedemos a resolver.

II

La Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 23, estableció el mecanismo de la vista preliminar, el cual está diseñado para evitar que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un procedimiento criminal por un delito grave. Conforme a esta regla y a la jurisprudencia que la interpreta, ninguna persona podrá ser acusada por la comisión de un delito grave sin una previa determinación de causa probable para acusar, salvo que el imputado renuncie a ese derecho. Esto significa que antes de presentar una acusación por delito grave, además de obtener una determinación de

causa probable para arrestar, el Ministerio Público tendrá la obligación de presentar al magistrado que preside la vista preliminar aquella prueba que establezca cada uno de los elementos del delito imputado y la conexión del denunciado con dicho delito, de modo que se justifique la presentación de una acusación en su contra. De cumplirse con esta carga probatoria, el magistrado que preside la vista deberá determinar causa probable por el delito imputado. Por el

contrario, si el Ministerio Público no cumpliera con dicha carga probatoria, el magistrado deberá determinar que no existe causa probable para presentar una acusación por el delito imputado. Existe, sin embargo, una tercera situación intermedia que surge cuando la evidencia presentada por el Ministerio Público establece los elementos necesarios para determinar la existencia de causa probable por un delito inferior al imputado en la denuncia. En tal caso, el magistrado deberá determinar causa probable por dicho delito menor. Pueblo v. Rivera Rodríguez, op. del 31 de marzo de 1995, 95 JTS 36; El Vocero v. E.L.A., 131 D.P.R. 356 (1992); Pueblo v. Rodríguez Aponte, 116 D.P.R. 653, 663-664 (1985); Pueblo v. Opio Opio, 104 D.P.R. 165, 171 (1975); Pueblo v. Tribunal Superior, 104 D.P.R. 454, 459 (1975); Vázquez Rosado v. Tribunal Superior, 100 D.P.R. 592, 594 (1972).

Para aquellos casos en que el Ministerio Público no obtiene una determinación de causa probable por el delito contenido en la denuncia, la Regla 24(c) de Procedimiento Criminal[1], 34 L.P.R.A. Ap. II R 24(c), contempla la vista preliminar en alzada. A tenor con esta otra regla, el fiscal que no esté satisfecho con la determinación a la que llega el magistrado que presidió la vista preliminar original, sea porque

---

[1] El inciso (c) de esta regla dispone: "Efectos de la determinación de no haber causa probable. Si luego de la vista preliminar, en los casos en que corresponda celebrar la misma, el magistrado hiciere una determinación de que no existe causa probable, el fiscal no podrá presentar acusación alguna. En tal caso o cuando la determinación fuere la de que existe causa por un delito inferior al imputado, el fiscal podrá someter el asunto de nuevo con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia."

determinó ausencia total de causa probable para acusar al imputado o porque determinó causa probable por un delito menor al contenido en la denuncia, podrá someter el asunto nuevamente ante otro magistrado de jerarquía superior dentro del Tribunal de Primera Instancia, presentando la misma prueba que ofreció en la vista preliminar o presentado prueba distinta. En esta segunda vista, el magistrado podrá también determinar que existe causa probable por el delito imputado en la denuncia, causa probable por algún delito menor incluido en el imputado o inexistencia de causa probable. El Vocero v. E.L.A., supra, Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984).

Entonces, la pregunta que debemos hacernos es: ¿Qué efecto tiene la determinación de la vista preliminar en alzada sobre la determinación a la que se había llegado previamente en la vista preliminar original? Para responder a esta pregunta debemos examinar los siguientes supuestos:

En los casos en que se celebra la vista preliminar en alzada porque en la vista preliminar original se determinó la inexistencia absoluta de causa probable, el resultado obtenido en la vista preliminar en alzada siempre prevalecerá. Así, si el nuevo magistrado determina que no existe causa probable, el procedimiento contra el imputado finalizará. Del mismo modo, si el nuevo magistrado decide que existe causa probable por el delito imputado o por un delito menor incluido, el fiscal estará autorizado a presentar una acusación en contra del imputado por aquel delito para el cual se determinó que existía causa probable en alzada.

Ahora bien, la situación es distinta cuando, como en el presente caso, en la primera vista preliminar, celebrada al amparo de la Regla 23, se ha determinado que existe causa probable, pero por un delito menor al contenido en la denuncia. En este supuesto, el magistrado que preside la vista preliminar en alzada sólo tiene autoridad para determinar si existe o no causa probable por el delito originalmente imputado en la denuncia o por algún otro delito menor incluido, pero mayor, a aquel por el cual se determinó causa originalmente.

La norma expuesta se justifica por la naturaleza y finalidad de la vista preliminar en alzada. Es importante recordar que esta segunda vista no es un trámite apelativo de la primera vista, sino un procedimiento independiente, separado y distinto donde puede presentarse la misma u otra prueba con el propósito de que el Pueblo pueda conseguir una determinación favorable de causa probable por el delito por el cual ha pretendido acusar al acusado desde el inicio del proceso criminal instituido en contra de éste. Pueblo v. Martínez Rivera, op. del 23 de diciembre de 1997, 97 JTS 150; Pueblo v. Rivera Rivera, op. del 24 de junio de 1996, 96 JTS 92; Pueblo v. Méndez Pérez, 120 D.P.R. 137 (1987); Pueblo v. Cruz Justiniano, supra; Alvarez v. Tribunal Superior, 102 D.P.R. 236 (1974); Vázquez Rosado v. Tribunal Superior, 100 D.P.R. 592 (1971); Pueblo v. Tribunal Superior, 96 D.P.R. 237 (1968). Según hemos resuelto en ocasiones anteriores, esta vista es un instrumento que existe precisamente para darle una segunda oportunidad al Pueblo para que pueda obtener una determinación de causa probable por el delito que entiende ha sido cometido por el imputado. A no ser por este instrumento, el Ministerio Público carecería de recursos para impugnar una determinación adversa en la vista preliminar o una determinación que a pesar de no resultarle adversa, no le satisface. Pueblo v. Rivera Rivera, supra; Pueblo v. Rodríguez Ríos, op. del 1 de agosto de 1994, 94 JTS 106; Pueblo v. Opio Opio, 104 D.P.R. 165 (1975); Pueblo v. Tribunal Superior, 95 D.P.R. 412 (1976). Según nos señala el Profesor Ernesto L. Chiesa Aponte, "el recurso de VPA [Vista Preliminar en Alzada] es uno diseñado a favor del Ministerio Fiscal, como un mecanismo procesal para mejorar su posición en cuanto al resultado de la vista preliminar original." Supra, a la pág. 103. Por tanto, un trámite que ha sido diseñado para proporcionar al fiscal una segunda oportunidad para mejorar su posición tras la celebración de la vista preliminar original, no puede producir un resultado que coloque al fiscal en una peor posición que aquella en la que se encontraba cuando acudió al proceso en alzada.

Por otro lado, de prevalecer la interpretación del Tribunal de Circuito de Apelaciones en este caso, la misma tendría el efecto de desalentar el uso de

la vista preliminar en alzada por parte del Ministerio Público. Siendo esta segunda vista un recurso que sólo entra en juego a petición del fiscal, sus normas tienen que estar diseñadas de manera que la misma no se convierta, como apunta el Hon. Hiram Sánchez Martínez, "[en] una emboscada estatutaria donde El Pueblo vaya por lana y salga trasquilado." Sumario de Vista Preliminar, Instituto de Estudios Judiciales, 1994, a la pág. 39. Dicho de otro modo, la mencionada interpretación tendría el efecto de limitar el derecho del Ministerio Público a solicitar una vista preliminar en alzada en aquellos casos en que razonablemente así se justifica, por el riesgo de perder el terreno que ha ganado. Después de todo, una vez presentada la acusación en su contra, el imputado tendrá derecho a impugnar esta nueva determinación de causa probable si entiende que la misma no es conforme a derecho. Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 64(p); Pueblo v. Jiménez Cruz, res. el 17 de junio de 1998, 98 TSPR 76.

III

En conclusión, resolvemos hoy que cuando el Ministerio Público haya logrado obtener una determinación de causa probable en la primera vista preliminar celebrada a tenor con lo dispuesto por la Regla 23 de Procedimiento Criminal, supra, el magistrado que preside la nueva vista preliminar en alzada no tiene facultad para dejar sin efecto dicha determinación previa de causa probable a no ser mediante una nueva determinación de causa probable por el delito imputado en la denuncia, por un delito mayor a aquel por el cual se determinó causa probable originalmente o por un grado mayor de dicho delito. Consecuentemente, erró el Tribunal de Circuito de Apelaciones al ordenar el archivo y sobreseimiento del pliego acusatorio presentado contra el recurrido por infracción al Artículo 3.1 de la Ley 54. El Ministerio Público estaba autorizado a presentar esta acusación en virtud de la determinación de causa probable a la que llegó el magistrado que presidió la primera vista preliminar al amparo de la Regla 23. Asimismo, erró el Tribunal de Circuito de Apelaciones al desestimar el cargo de desacato criminal en

vista de que el Tribunal de Primera Instancia sí tenía jurisdicción para citar al recurrido a la lectura de la acusación por violación al artículo 3.1 de la Ley 54.

Procede, pues, dictar sentencia revocando la dictada por el Tribunal de Circuito de Apelaciones y devolver el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí expuesto.


José. A. Andréu García
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                   CC-97-591        Certiorari

Osvaldo Ríos Alonso

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 23 de noviembre de 1999

      Por los fundamentos antes expuestos en la Opinión que antecede, la cual se hace formar parte integra de la presente, se revoca la sentencia dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí expuesto.

      Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López disiente con opinión escrita. El Juez Asociado señor Hernández Denton disiente sin opinión escrita. El Juez Asociado señor Fuster Berlingeri concurre en el resultado sin opinión escrita.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       vs.                    CC-97-591      CERTIORARI

Osvaldo Ríos Alonso

    Acusado-recurrido

OPINION DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LOPEZ

San Juan, Puerto Rico, a 23 de noviembre de 1999

La decisión que hoy emite una mayoría de los integrantes de este Tribunal realmente es difícil de creer; de hecho, <u>la misma resulta ser inconcebible</u>. Mediante la <u>errónea y peligrosa</u> Opinión que emite, el Tribunal <u>establece y valida</u> en nuestra jurisdicción <u>la "opinión consultiva"</u> en el campo del derecho penal; ello en un craso acto de legislación judicial.

Conforme la norma que establece hoy la Mayoría, si a nivel de la <u>vista preliminar original</u> se hace una determinación de causa probable para acusar por un delito menor incluido al delito imputado en la <u>determinación de causa</u>

probable para arresto, esa determinación inicial prevalecerá a menos que, en la vista preliminar en alzada, el segundo magistrado determine causa por un delito mayor; pudiendo el fiscal descartar o desechar cualquier determinación que se haga en la vista preliminar en alzada que sea de menor grado --incluso, de inexistencia de causa-- que la realizada en la vista original.

Dicho de otra manera, el Tribunal faculta al ministerio público para escoger, o determinar, cuál de las dos determinaciones de causa le conviene más, esto es, a ignorar la determinación que no le sea favorable. En otras palabras, y conforme sentencia la Mayoría, el juez que interviene en la vista preliminar en alzada no pasa de ser una marioneta glorificada, cuyas decisiones pueden o no ser obedecidas por la Rama Ejecutiva de nuestro Gobierno ya que las mismas no pasan de ser opiniones consultivas.


I

Contra el acusado recurrido, Osvaldo Ríos Alonso, se determinó causa probable para arresto por alegadas infracciones a los Artículos 3.2 y 3.4 de la Ley para la Prevención e Intervención con la Violencia Doméstica[2]. Constituyendo delitos graves dichas infracciones de ley, el acusado fue sometido al procedimiento de vista preliminar contemplado por la Regla 23 de las Reglas de Procedimiento Criminal.

El magistrado que presidió dicha vista determinó causa probable para acusar por infracción al Artículo 3.1 de la antes mencionada Ley, esto es, se determinó causa probable para acusar por un "delito menor incluido". Inconforme, el Estado se acogió al mecanismo procesal de la "vista preliminar en alzada", provisto el mismo por la Regla 24(c) de las de Procedimiento Criminal[3]. Celebrada la "vista en alzada", el

---

[2] **Ley Núm. 54 del 15 de agosto de 1989, 8 L.P.R.A. secs. 632 y 634.**
[3] **Dicha disposición reglamentaria establece, en lo pertinente que:**

> **"...Si luego de la vista preliminar, en los casos en que corresponda celebrar la misma, el magistrado hiciera una determinación de que no existe causa probable, el fiscal no podrá presentar acusación alguna. En tal caso o cuando la**

magistrado que presidió la misma determinó <u>inexistencia</u> de causa probable para acusar.

Ello no obstante, el ministerio fiscal radicó, ante la Sala Superior de Carolina del Tribunal de Primera Instancia, un pliego acusatorio contra Ríos Alonso por el delito de infracción al Artículo 3.1 de la antes mencionada Ley, esto es, por el delito menor incluido por el cual se había determinado causa probable en la vista preliminar <u>originalmente</u> celebrada. La defensa de Ríos Alonso radicó prontamente una moción en la cual solicitó la <u>desestimación</u> de la acusación así radicada; ello al amparo de las disposiciones de los Incisos (b) e (i) de la Regla 64 de Procedimiento Criminal.

El tribunal de instancia, previa vista al efecto, <u>denegó</u> la desestimación solicitada. Inconforme, Ríos Alonso acudió ante el Tribunal de Circuito de Apelaciones, el cual <u>revocó</u> la determinación recurrida. Sostuvo el foro apelativo intermedio, <u>a nuestro juicio de forma enteramente correcta</u>, que el ministerio público <u>carecía de autoridad</u> para radicar la acusación puesto que, en la vista preliminar en alzada, se había determinado inexistencia de causa probable para acusar.

Acudió el Estado, en revisión de dicha sentencia, ante este Tribunal. Se emitió una orden de mostrar causa; compareció, en cumplimiento de la misma, el acusado recurrido. Hoy, una mayoría de los integrantes de este Tribunal <u>revoca</u> la sentencia emitida por el Tribunal de Circuito de Apelaciones; resuelve, en síntesis, que el ministerio público tenía autoridad para radicar el pliego acusatorio en controversia a la luz de la determinación <u>original</u> de causa probable para acusar que se hiciera, <u>pudiendo el Estado hacer caso omiso de la determinación desfavorable --de inexistencia de causa-- que se hiciera en la vista preliminar en alzada</u>.

---

**determinación fuere la de que existe causa por un delito inferior al imputado, el fiscal podrá someter el asunto <u>de nuevo con la misma o con otra prueba a un magistrado de categoría</u> superior del Tribunal de Primera Instancia."**

No estamos, ni podemos estar, de acuerdo. Veamos por qué.

## II

Como señaláramos anteriormente, conforme las disposiciones de nuestro ordenamiento jurídico, en casos de delito grave, el Estado no puede someter a un ciudadano a los rigores de un juicio criminal sin haber obtenido una determinación de causa probable para arresto y una determinación de causa probable para acusar. En otras palabras, en casos de delitos graves, determinada causa probable para arresto contra una persona, resulta mandatoria la celebración de una vista preliminar --a menos que el imputado renuncie a la misma-- y la obtención de una determinación de causa probable para acusar a éste por determinado delito.

En relación con la vista preliminar, hemos expresado --en Pueblo v. Vallone, Jr., 133 D.P.R. 427, 433 (1993)-- que el objetivo central de la misma "...no es hacer una adjudicación en los méritos en cuanto a la culpabilidad o inocencia del imputado, sino evitar que se someta a una persona de forma arbitraria e injustificada a los rigores de un proceso criminal. La vista preliminar opera como un cedazo judicial mediante el cual se exige que el tribunal autorice la radicación de la acusación, sólo después de ponderar debidamente la prueba y determinar que existen suficientes fundamentos para justificar un proceso criminal."

En la situación de una determinación adversa contra el Estado a nivel de la vista preliminar original --la cual puede consistir en la de inexistencia de causa probable o en la determinación de causa por un delito menor incluido-- el ministerio público tiene varias opciones, a saber: la primera de ellas es acatar la determinación, esto es, en el caso de la determinación de inexistencia, no hacer nada más, y en el caso de la determinación de causa probable por un delito menor incluido, radicar acusación o denuncia por dicho delito menor. Por otro lado, de no estar en disposición de acatar la determinación realizada,

el fiscal puede hacer uso del mecanismo procesal que provee la citada Regla 24(c), esto es, acogerse al procedimiento de "vista preliminar en alzada". Pueblo v. Quiñones, Rivera, 133 D.P.R. 332 (1993).

Sabido es que en la vista en alzada el fiscal puede intentar lograr su propósito de obtener una determinación de causa probable para acusar por el delito que él entiende es apropiado, presentando la misma prueba que sometiera en la vista original como también puede presentar prueba adicional o totalmente distinta a la que originalmente presentó. Pueblo v. Tribunal Superior, 96 D.P.R. 237 (1968).

Un examen desapasionado de las disposiciones de las Reglas 23 y 24 de Procedimiento Criminal es todo lo que se necesita para poder concluir que la oportunidad que las Reglas de Procedimiento Criminal le concede al fiscal, de poder solicitar la celebración de una vista preliminar en alzada, es producto del deseo del legislador de establecer un "...balance racional entre los intereses del individuo y el Estado, que procura que no se relegue a un solo funcionario [judicial] la decisión única, final e irreversible de archivar una denuncia [o acusación] por falta de causa probable."

Esto es, el legislador entendió que resultaba indeseable que la determinación de acusar o no a una persona dependiera exclusivamente de la opinión o criterio de un solo juez que, como ser humano al fin, puede equivocarse. Nótese, por otro lado, que la vista preliminar en alzada se debe celebrar ante un magistrado de "categoría superior", el cual se supone tenga más experiencia y conocimiento jurídico que el juez que originalmente interviene en la vista original.[4]

Resulta importante, por último, mantener siempre presente lo expresado por este Tribunal --referente a la interacción entre la vista original y la vista preliminar en alzada-- a los efectos de que aun cuando "...la vista preliminar original y la vista preliminar en alzada

_____

[4] **Conforme establece el Artículo 5.004 de la Ley Número 1 del 28 de julio de 1994, conocida como la Ley de la Judicatura, según enmendada, los Jueces Municipales están facultados para presidir las vistas**

son dos vistas independientes, [las mismas] son partes de un mismo y continuo proceso judicial." (Énfasis suplido.) Pueblo v. Vallone, ante.

Debido a lo anteriormente expresado es que, precisamente, no se puede descartar o hacer caso omiso de la determinación que realiza el magistrado en la vista preliminar en alzada. Dicho juez es parte integral de dicho procedimiento y con él culmina el mismo.

### III

Un análisis de la Opinión mayoritaria revela que, su determinación --a los efectos de que el ministerio fiscal puede hacer caso omiso de una determinación desfavorable realizada a nivel de la vista preliminar en alzada-- descansa de manera principal en tres (3) fundamentos, a saber:

1. La vista preliminar en alzada es separada, distinta e independiente de la original;

2. la naturaleza de la vista preliminar en alzada es un mecanismo diseñado para "mejorar la posición" del Ministerio Público; y

3. el efecto disuasivo que tendría en el Ministerio Público un curso decisional distinto.

En cuanto al primero de los fundamentos, es correcto que este Tribunal, reiteradamente, ha expresado que la vista preliminar en alzada no es una apelación; esto es, que dicha vista es una independiente, separada y distinta de la vista original que se celebró. No tenemos problema alguno con dicha norma. No puede ser de otra manera.

La Mayoría ignora, o no se da cuenta de, la razón o fundamento jurídico detrás de dicha norma. El mismo es sorprendentemente sencillo. De la vista en alzada constituir una apelación, el ministerio fiscal estaría impedido de presentar prueba adicional o distinta en la vista preliminar en alzada; ello así ya que, conforme los principios que rigen

**preliminares que establece la Regla 23 de las Reglas de Procedimiento**

la práctica apelativa, el tribunal revisor no podría considerar otra prueba que no fuera la que desfiló ante el tribunal inferior. Esa, repetimos, fue la razón que llevó a este Tribunal a decidir que se trataban de dos vistas separadas y distintas.

En segundo lugar, la Mayoría aduce que la vista preliminar en alzada es un mecanismo diseñado para beneficio del ministerio fiscal. Coincidimos, en principio, con la Mayoría en cuanto a este aspecto. Esto es, somos del criterio que este mecanismo procesal de la vista preliminar en alzada efectivamente fue creado para beneficio del ministerio fiscal, el cual le permite, por decirlo así, una "segunda oportunidad al bate".

La razón para ello es obvia. Todas las personas que intervenimos en esta clase de procedimientos somos falibles; todas podemos equivocarnos de la mejor buena fe. Comenzamos por el representante del Estado en la vista preliminar. El fiscal, no obstante contar con suficiente prueba, puede equivocarse y presentar en la vista preliminar original prueba que resulta insuficiente en derecho. Si ello así sucede, el juez que preside dicho procedimiento no tendrá otra alternativa que determinar inexistencia de causa o determinar causa por un delito menor incluido.

Puede suceder, por otro lado, que no obstante presentar el fiscal en dicha vista prueba suficiente para lograr una determinación de causa por el delito imputado, el juez se equivoque y emita una determinación errónea. En relación con ambas situaciones, el legislador entendió procedente conceder una nueva oportunidad al Estado.[5]

Ello no significa, sin embargo, que ese hecho, esa acción del legislador, tenga el alcance y la consecuencia errónea que atribuye la Mayoría. Una cosa no lleva a la otra. No alcanzamos a comprender cómo puede resolverse la controversia planteada solo ponderando el hecho de que la vista preliminar en alzada es un mecanismo diseñado para

---

Criminal.

beneficio del Ministerio Público. Esto, haciendo caso omiso a la realidad de que la vista preliminar en alzada existe en función de la vista original cuyo propósito primordial es no someter a un ciudadano a los rigores de un proceso penal sin la existencia de causa probable.

La vista preliminar en alzada, repetimos, se celebra ante un magistrado de "categoría superior"; ese segundo juez se supone sea un jurista de mayor experiencia y conocimiento que el primero[6]. ¿Cómo es posible que el ministerio fiscal pueda hacer caso omiso de la determinación del magistrado que preside la vista preliminar en alzada si la misma no le conviene? ¿Es dicho magistrado un simple muñeco, cuyas decisiones y determinaciones se respetan únicamente cuando son favorables para el Estado? ¿Qué clase de sistema judicial es éste? ¿No resulta ser éste un clásico ejemplo de la "opinión consultiva" que está prohibida por nuestra Constitución?

Por último y en cuanto al tercero de los fundamentos aducidos por la Mayoría --a los efectos de que establecer la norma contraria tendría un "efecto disuasivo" en el ministerio público, por cuanto éstos tendrían temor de recurrir en alzada-- únicamente tenemos que decir que esta Institución, que se supone que sea la primera que tenga fe en la justicia que se dispensa en nuestro País, no debe tener temor alguno respecto a las decisiones que puedan emitir las personas que tienen en sus manos la difícil y delicada tarea de impartir la misma. ¿Cómo es posible que los integrantes de este Tribunal establezcan una norma, basada la misma en dudas sobre la capacidad de los magistrados y sobre la calidad y corrección de las decisiones que éstos puedan emitir?

¿No se supone que tanto la vista preliminar original, como la vista en alzada, sean "...partes de un mismo y continuo proceso judicial?[7] ¿Cómo es posible que la determinación hecha en la vista en alzada pueda

---

[5] **La defensa, por su parte, puede cuestionar la determinación de causa probable mediante el mecanismo procesal provisto por las Reglas de Procedimiento Criminal en el Inciso (p) de la Regla 64.**
[6] **Como expresáramos en el Escolio 3, ante, de ordinario la vista preliminar original será presidida por un Juez Municipal y la vista preliminar en alzada será presidida por un Juez Superior.**

ser descartada por el ministerio fiscal? <u>Estamos, repetimos, ante la creación de un mecanismo procesal que permite la opinión consultiva, el cual resulta humillante y degradante para nuestros jueces de instancia.</u>

Es por ello que disentimos.


FRANCISCO REBOLLO LOPEZ
Juez Asociado

---

[7] **Pueblo** v. **Vallone**, ante.