Opinión concurrente y disidente emitida por la
Juez Asociada Señora Rodríguez Rodríguez.
Concurro con el resultado de la decisión emitida por el Tribunal hoy —devolver el caso ante nuestra consideración al Tribunal de Primera Instancia para la celebración de la vista de causa para acusar en alzada— por las razones expuestas en mi opinión disidente en Pueblo v. Sustache Sustache, 176 D.P.R. 250 (2009). Entiendo que en este caso, igual que en Sustache Sustache, se trata de una determinación de no causa probable en los méritos, no revisable vía certiorari, por lo que no tenemos jurisdicción para atenderlo.
Disiento, no obstante, de la desacertada norma creada por esta Curia, pues considero que ésta es el producto de una interpretación innecesariamente restrictiva —además de errónea— de la procedencia del recurso de certiorari para la revisión de resoluciones, la cual no guarda relación con la Ley de la Judicatura de 2003 y con nuestra jurisprudencia interpretativa de dicho recurso.
Este caso ejemplifica el menosprecio a las normas de Derecho puertorriqueño y a la forja de ese Derecho autóctono. Con su actuación, la mayoría continúa, de manera sistemática, su desmantelamiento. La proclividad de la mayoría a la revisión de normas establecidas, al margen *925 de los criterios aceptables para tal proceder,(1) sólo abona a la inestabilidad jurídica y nos invita a cuestionarnos si el proclamado rechazo al “activismo judicial”, como antítesis de la función estricta de aplicar el “texto claro de la ley”, constituye sólo una cuestión de retórica más que de teoría adjudicativa.
I
El Tribunal resuelve que el Ministerio Público acudió a “destiempo” al foro intermedio a revisar el “no causa” en vista preliminar contra la señora Zulma Díaz De León, pues tenía a su haber la solicitud de una vista de causa probable para acusar en alzada, según codificada en la Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. La mayoría entiende que el certiorari es un recurso extraordinario, que procede únicamente cuando no haya remedio adecuado en ley. Por lo tanto, sostiene que el Ministerio Público debía agotar el alegado remedio adecuado en ley, la vista en alzada, antes de acudir en certiorari al Tribunal de Apelaciones. En apoyo a este resultado formalista, el Tribunal cita a Pérez v. Tribunal de Distrito, 69 D.P.R. 4 (1948), y a Pueblo v. Tribl. Superior, 81 D.P.R. 763 (1960), ambos casos anteriores, por más de cuarenta años, a la Ley de la Judicatura de 2003. No tiene razón la mayoría.
La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003 (Ley de la Judicatura de 2003), 4 L.P.R.A. see. 24 et seq., estableció en Puerto Rico la coexistencia de tres tribunales y la competencia de cada uno de éstos. En relación con el Tribunal de Apelaciones, estableció que sería el foro intermedio con el propósito “de proveer a los ciudadanos de un foro apelativo mediante el cual un panel de no menos de tres (3) jueces revisará, como cuestión de derecho, ... de *926 forma discrecional ... las decisiones finales de los organismos y agencias administrativas y ... cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia”. (Énfasis nuestro.) Art. 4.002 de la Ley de la Judicatura de 2003 (4 L.P.R.A. sec. 24u). Igualmente, se establece en dicha ley que el Tribunal de Apelaciones conocerá, mediante “auto de Certiorari expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia”. Art. 4.006(b) de la Ley de la Judicatura de 2003 (4 L.P.R.A. sec. 24y).
Al establecer que el certiorari será utilizado para revisar cualquier resolución u orden del Tribunal de Primera Instancia de manera discrecional, el legislador cambió la naturaleza “extraordinaria” que podía haber tenido en un principio dicho recurso y lo convirtió en el recurso de revisión de toda determinación del foro de instancia que no sea una sentencia. De esa manera, el legislador continuó la tendencia liberadora del recurso de certiorari que había comenzado este Tribunal en Pérez v. Tribunal de Distrito, supra. Dicho estatuto no exige de forma alguna la inexistencia de cualquier otro remedio adecuado en ley para que proceda su expedición.(2)
Es por esto que es posible la revisión de resoluciones y determinaciones interlocutorias del Tribunal de Primera Instancia sin necesidad de esperar por que se tenga una sentencia final de dicho foro. De ser un recurso “extraordinario”, como lo afirma el Tribunal, entonces los litigantes tendrían que esperar a que se dictara sentencia final en todos los casos y apelar dicha sentencia, pues el recurso de apelación sería un remedio disponible en ley para impugnar todos los alegados errores del foro de instancia, tanto procesales como sustantivos. Así era que se utilizaba el recurso hace sesenta años. Véase D. Rivé Rivera, Recursos *927 Extraordinarios, 2da ed. rev., San Juan, Programa de Educación Jurídica Continua de la Facultad de Derecho de la Universidad Interamericana de Puerto Rico, 1996, págs. 201-202. Dicho sistema, no obstante, no es el que se concibió a través de la Ley de la Judicatura de 2003.
Las determinaciones de los jueces de instancia en las vistas de causa probable para arresto o para acusar son resoluciones del Tribunal de Primera Instancia. En principio, bajo la Ley de la Judicatura de 2003, serían todas revisables mediante certiorari ante el Tribunal de Apelaciones. Es por esto que al profesor Chiesa le parece “dudosa” lo que ha sido nuestra normativa en relación con la revisión de determinaciones de causa o no causa para arresto o para vista preliminar, la cual había sido clara hasta hoy. Véase E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1993, Vol. Ill, Sec. 21.7, pág. 46. En el caso del acusado, éste no tiene a su haber el recurso de certiorari para revisar una determinación de causa, pues dicha determinación puede ser impugnada luego de presentada la acusación mediante una moción al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Pueblo v. Jiménez Cruz, 145 D.P.R. 803, 813 (1998). Por otra parte, el Ministerio Público no tiene disponible el recurso de certiorari para la revisión de una determinación de no causa para arresto o para acusar, salvo que se trate de la revisión de una cuestión estrictamente de derecho, desvinculada de la prueba presentada para la comisión del delito.(3) Pueblo en interés menor K.J.S.R., 172 D.P.R. 490 (2007); Pueblo v. Aponte, 167 D.P.R. 578 (2006). La razón de esta normativa es clara; en esa etapa todavía no existen hechos probados en un juicio, por lo que la intervención de un tribunal apelativo afectaría el proceso llevado a cabo en el foro de instancia, además de que los procesos criminales deben llevar un ordenado y rápido curso, y permitir la revisión de estas *928 determinaciones desvirtuaría dicho proceso. Pueblo v. Opio Opio, 104 D.P.R. 165, 171 (1975).
Empero, un error estrictamente de derecho, desvinculado de la prueba presentada, puede surgir en la vista de causa probable original o en alzada. Soy del criterio que es errado restringirle la potestad al Ministerio Público de acudir en revisión vía certiorari de una determinación de no causa por una cuestión de estricto derecho, sencillamente porque ésta se hizo en la vista original y no en la vista en alzada, como hace hoy la mayoría. Como hemos dicho anteriormente, la vista en alzada “no es un trámite apelativo de la primera vista, sino un procedimiento independiente, separado y distinto, [donde] puede presentarse la misma u otra prueba con el propósito de que El Pueblo pueda conseguir una determinación favorable de causa probable”. (Enfasis suprimido.) Pueblo v. Ríos Alonso, 149 D.P.R. 761, 769 (1999). Por lo tanto, ese mecanismo no es un remedio adecuado para corregir un error de estricto derecho desvinculado de la prueba que haya ocurrido en la vista original, pues la vista en alzada es una vista de novo. El Ministerio Público estaría impedido de cuestionar en esa vista el error de estricto derecho cometido en la vista original.
El fin del Ministerio Público en acudir vía certiorari a un tribunal de mayor jerarquía para revisar una determinación de no causa para arresto o para acusar por un error de estricto derecho puede que no sea únicamente obtener una determinación de causa probable para acusar en el caso específico, como parece presumir la mayoría. La controversia de estricto derecho que se revisa puede estar latente en otra infinidad de casos, por lo que puede existir un fin ulterior de solicitar una revisión a un tribunal de mayor jerarquía; el que se aclare o se paute un punto de estricto derecho no resuelto anteriormente. Mediante la solución del Tribunal de hoy, es posible que ese fin ulterior se vea tronchado, al obligar al Ministerio Público a acudir a una vista en alzada en la cual quizás en el caso específico se consiga una determinación de causa, pero entonces el *929 asunto de estricto derecho no sea atendido y resuelto con premura. Por esto, soy del criterio que debe quedar en la sana discreción del Ministerio Público acudir en certiorari al foro intermedio o, por el contrario, acudir ante otro juez de instancia para una nueva determinación. Con esta nueva norma, el Tribunal le resta una oportunidad al Ministerio Público para poder presentar su caso, pues tendrá siempre que agotar la vista de causa en alzada que le brinda el ordenamiento antes de poder cuestionar una determinación errónea de estricto derecho ante un tribunal de mayor jerarquía.
Por otro lado, el lenguaje de la opinión mayoritaria es más peligroso de lo que aparenta y, de facto, revoca más normativa de este Tribunal de lo que hace de jure. La opinión del Tribunal indica que siempre es revisable una determinación de no causa para arresto o para acusar cuando exista una “interpretación equivocada del derecho” o cuando se trate de un error de derecho. Este lenguaje va más allá que las expresiones del Tribunal en Pueblo v. Sustache Sustache, supra, en relación con las instancias en que el Ministerio Público podrá acudir en certiorari al foro intermedio. Ya no se trata de que sean determinaciones de no causa basadas en cuestiones estrictamente de derecho desvinculadas de la prueba presentada, o que se traten de cuestiones esencialmente de derecho, sino que ahora es suficiente que sea una “interpretación equivocada del derecho” o un simple “error exclusivamente de derecho”. Opinión mayoritaria págs. 919 y 923. Con lo cual, la mayoría, que hace apenas unos días avaló el estándar de revisión de Sustache Sustache, hoy lo modifica.
Así pues, por un lado, el Tribunal le restringe la oportunidad al Ministerio Público de acudir en certiorari al foro intermedio cuando se le determina “no causa” por una cuestión de estricto derecho en una vista original, pero por el otro relaja increíblemente el estándar de revisión de dichas determinaciones. Las consecuencias que estos innecesarios cambios a la normativa procesal penal conllevarán *930 —creados por fíat judicial— estoy segura que son insospechados, incluso, para aquellos que los establecieron.
II
En el caso que tenemos ante nuestra consideración, la señora Zulma Díaz De León solicita la revocación de la sentencia del Tribunal de Apelaciones que le encontró causa probable para acusar en el grado de cooperadora en el delito de asesinato en primer grado y en el grado de autora en los delitos de agresión y encubrimiento. Por ser del criterio que el foro intermedio carecía de jurisdicción para atender el recurso de certiorari presentado por el Ministerio Público, por tratarse de una determinación de no causa en los méritos, concurro con el resultado al que llega la mayoría. Por las razones antes expuestas, no obstante, disiento de la normativa establecida en relación con el recurso de certiorari.

 Propensión, dicho sea de paso, que ya habíamos adelantado hace sólo unos meses. Véase Vázquez Vélez v. Caro Moreno, 175 D.P.R. 986 (2009) (Rodríguez Rodríguez, J., voto disidente).

 En este sentido, la naturaleza del certiorari dista de la del recurso de injunction, el cual sí requiere que no exista un remedio adecuado en ley para su expedición. Véase Art. 675 del Código de Enjuiciamiento Civil, hoy Ley de Recursos Extraordinarios, 32 L.P.R.A. sec. 3521. Véase, también, P.R.T.C. v. Tribunal Superior, 103 D.P.R. 200 (1975).

 Luego de Pueblo v. Sustache Sustache, 176 D.P.R. 250 (2009), son también revisables las determinaciones de no causa porcuestiones esencialmente de derecho.