ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br><br>Parte Peticionaria<br><br>v.<br><br>STEVEN SÁEZ FELICIANO<br><br>Parte Recurrida | KLCE202400124 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: JSVP202300076<br><br>Sobre:<br>Art. 3.2 Ley 54 |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de febrero de 2024.

Compareció ante este Tribunal la parte peticionaria, El Pueblo de Puerto Rico, representado por la Oficina del Procurador General (en adelante, "OPG" o el "Peticionario"), mediante petición de *certiorari* presentada el 29 de enero de 2024. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, el "TPI"), el 13 de diciembre de 2023, notificada y archivada en autos el 29 de diciembre de 2023.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *revocamos* la *Resolución* recurrida*.*

**I.**

El presente recurso tiene su génesis el 11 de mayo de 2023, con la presentación de una "**Denuncia**" contra el Sr. Steven Sáez Feliciano (en adelante, "el señor Sáez Feliciano" o el "Recurrido") por infracción al Artículo 3.2 de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como la "Ley para la Prevención e Intervención con la Violencia Doméstica", 8 LPRA sec. 601 (en adelante, "Ley Núm. 54"). En particular, la "**Denuncia**" lee como sigue:

2

> EL REFERIDO ACUSADO STEVEN ALEXANDER S[Á]EZ FELICIANO, ALL[Á] EN O PARA EL D[Í]A 10 DE MAYO DE 2023 Y EN PONCE PUERTO RICO QUE FORMA PARTE DE LA JURISDICCI[Ó]N DEL TRIBUNAL DE PRIMERA INSTANCIA SALA DE PONCE, A PROP[Ó]SITO EMPLE[Ó] FUERZA F[Í]SICA CONTRA LA SRA. EMILY MARIE RENTA CRUZ CON QUIEN SOSTIENE UNA RELACI[Ó]N CONSENSUAL Y PROCREARON DOS HIJOS, CONSISTENTE EN QUE LA COGI[Ó] POR EL CUELLO ESTILO LUCHA LIBRE Y LA TEN[Í]A CASI ASFIXIADA. DICHO ACTO FUE COMETIDO ESTANDO LA PERJUDIC[ADA] [EN] SU S[É]PTIMO MES DE EMBARAZO.[1]

Luego de haberse determinado causa probable para arresto por el referido delito, el 23 de mayo de 2023, se celebró la vista preliminar mediante la cual se declaró no causa probable para acusar. Inconforme, el Ministerio Público decidió acudir a vista preliminar en alzada. Así las cosas, la misma se pautó para el 9 de junio de 2023. Ese día no compareció ni el Recurrido ni la prueba de cargo, a saber: (1) la agente Aileen Fernández Betancourt (en adelante, "agte. Fernández Betancourt") y (2) la presunta víctima, Emily Marie Renta Cruz (en adelante, "señora Renta Cruz"). Así pues, se reseñaló la vista para el 13 de julio de 2023. Llegado el día, el alguacil informó que la representación legal del Recurrido, el Lcdo. Armando Pietri (en adelante, "Lcdo. Pietri") tenía dos conferencias con antelación a juicio y una vista adicional que le impedían comparecer a la vista.

De ahí que, se repautó la vista preliminar en alzada con cargo a la defensa para el 11 de agosto de 2023. Ese día, el Tribunal recesó sus funciones por una situación relacionada con el aire acondicionado por lo que la vista no pudo llevarse a cabo. El 31 de agosto de 2023, la señora Renta Cruz asistió al Tribunal, más no así la agte. Fernández Betancourt y el señor Sáez Feliciano, quien se encontraba sumariado. En vista de lo anterior, procedió a reseñalar la vista preliminar en alzada para el 18 de septiembre de 2023. Ese día, el foro primario hizo constar que el Recurrido estaba una institución penal en Ponce y que fue trasladado al Tribunal, pero debido a situaciones con el sistema de aires acondicionados fue trasladado nuevamente a la institución penal. Dicha circunstancia provocó que se suspendieran los procedimientos en el caso hasta un nuevo señalamiento.

---

[1] *Véase*, Apéndice del recurso, pág. 40.

El 29 de septiembre de 2023, día del reseñalamiento de la vista, el Lcdo. Pietri estaba indispuesto de salud, por lo que se transfirió el señalamiento.

El 27 de octubre de 2023, la agte. Fernández Betancourt no compareció y el abogado de defensa indicó que ésta era indispensable porque poseía prueba exculpatoria. Así pues, se reseñaló la vista para el 7 de diciembre de 2023, último día de los términos de juicio rápido. Llegado el día, el Recurrido no compareció nuevamente y su representación legal manifestó que había necesidad de que estuviera presente. A esos efectos, las partes acordaron como fecha para celebrar la vista preliminar en alzada para el 13 de diciembre de 2023. En esa fecha, el caso fue llamado a las 9:45 a.m., **pero fue desestimado dos minutos después, específicamente a las 9:47 a.m., bajo las disposiciones de la Regla 64(n)(8) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(n)(8)**. Insatisfecho, el Ministerio Público presentó "**Moción en Solicitud de Reconsideración**" que fue denegada por el foro recurrido mediante *Orden* de 26 de diciembre de 2023.

Aún inconforme con lo anteriormente resuelto, OPG acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló los siguientes errores:

> El Tribunal de Primera Instancia incurrió en un claro y abuso de discreción al desestimar los cargos contra el Sr. Steven Sáez Feliciano por maltrato agravado bajo la Ley Núm. 54 de 15 de agosto de 1989, por presunta violación a los términos de juicio rápido, a pesar de conocer que el señalamiento estaba dentro del término y que el Ministerio Público estaba listo y disponible para ver el proceso.

> El Tribunal de Primera Instancia erró al actuar en contra de lo dispuesto en Regla 64(n) de Procedimiento Criminal al no celebrar una vista evidenciaría antes de desestimar la denuncia, ni consignar por escrito los fundamentos de su determinación.

El 30 de enero de 2024, emitimos *Resolución* mediante la cual le concedimos un término de diez (10) días al Recurrido para que presentara su alegato en oposición. Ha transcurrido en exceso del plazo concedido sin que éste cumpliera con nuestra determinación.

En vista de lo anterior, procedemos a resolver los méritos de las controversias planteadas, sin el beneficio de su comparecencia.

**II.**

**A.**

La Regla 23 de Procedimiento Criminal requiere la celebración de una vista preliminar en todos los casos de delito grave. 34 LPRA Ap. II, R. 23. Se trata, pues, de un paso que antecede la presentación de los cargos. Pueblo v. Figueroa *et al.*, 200 DPR 14, 21 (2018). El objetivo principal de esta Regla es evitar que una persona sea sometida injustificadamente a los rigores de un proceso penal. Pueblo v. Rivera Vázquez, 177 DPR 868, 875 (2010). Así pues, permite evaluar tanto la validez del arresto como las probabilidades de que la persona sea culpable del delito que se le imputa. Íd. Cabe destacar que la naturaleza de esta vista es estatutaria y no de índole constitucional. Pueblo v. Martínez Hernández, 208 DPR 872, 881 (2022).

En esta etapa, le corresponde al Ministerio Público probar los elementos constitutivos de delito y su conexión con la persona imputada. Íd. La determinación judicial en la vista preliminar de que existe causa probable equivale a la autorización para acusar. Pueblo v. García Saldana, 151 DPR 783, 789 (2000). El Ministerio Público no está obligado a exhibir todas las pruebas en su posesión, sino que puede emplear aquellas que considere suficientes para respaldar su argumento de que existe causa para acusar. Pueblo v. Rivera Vázquez, *supra*, pág. 876. Contra una decisión adversa en vista preliminar, el Ministerio Público tiene dos opciones, a saber: (1) desistir de procesar al acusado o (2) recurrir ante otro magistrado, ya sea presentando la misma evidencia o diferente, para que conduzca una segunda vista preliminar. Pueblo v. Figueroa *et al.*, *supra*, págs. 21-22. La vista preliminar en alzada implica una vista de *novo* y no una apelación de la vista preliminar inicial. Pueblo v. Rivera Vázquez, *supra*, pág. 877. De este modo, el Ministerio Público cuenta con una segunda oportunidad para obtener la autorización para acusar por el delito que considera que se ha configurado. Pueblo v. García Saldana, *supra,* pág. 790. En síntesis, sin este instrumento, el Ministerio Público carecería de recursos para impugnar las

determinaciones adversas que no le satisfacen. Pueblo v. Ríos Alonso, 149 DPR 761, 769 (1999).

**B.**

En nuestro ordenamiento jurídico es harto conocido que toda persona acusada de delito gozará del derecho a un juicio rápido. Así surge del Artículo II, Sec. 11 de la Constitución de Puerto Rico, que reza como sigue:

> En todos los procesos criminales, **el acusado disfrutará del derecho a un juicio rápido y público,** a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma, a carearse con los testigos de cargo, a obtener la comparecencia compulsoria de testigos a su favor, a tener asistencia de abogado, y a gozar de la presunción de inocencia. Const. PR, Art. II, Sec. 11, 1 LPRA (énfasis suplido).

La aludida prerrogativa es una variable y flexible que responde a un propósito dual: preservar el orden público, a la vez que protege la libertad individual. Pueblo v. Custodio Colón, 192 DPR 567, 580 (2015). Así, la garantía del derecho a un juicio rápido busca salvaguardar los derechos del acusado al evitar su detención indebida y prolongada antes del juicio, minimizar la ansiedad y preocupación que genera una acusación pública y al reducir las posibilidades de que una demora prolongada afecte su habilidad para defenderse. Pueblo v. García Vega, 186 DPR 592, 606 (2012). A su vez, no descarta la protección de los derechos de la justicia pública, ya que busca que se enjuicie con prontitud a los que infringen la ley y pretende evitar retrasos en la administración estatal para enjuiciar cualquier conducta criminal. Íd., pág. 607. Este derecho abarca desde la imputación inicial del delito hasta el juicio en su fondo. Pueblo v. Martínez Hernández, *supra*, pág. 882.

En miras de viabilizar esta norma constitucional, la Regla 64 de Procedimiento Criminal regula el alcance y aplicación del derecho a un juicio rápido. 34 LPRA Ap. II, R. 64. En lo concerniente a la controversia ante nos, la precitada Regla dispone lo siguiente:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
>
> […]

(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:

[…]

(8) **Que se celebró una vista preliminar en alzada luego de 60 días de la determinación de no causa en vista preliminar** […] causa en vista preliminar. 34 LPRA Ap. II, R. 64 (n) (8) (énfasis suplido).

La violación a los términos de juicio rápido acarrea la desestimación de los cargos y, por consiguiente, la culminación de la acción penal. Pueblo v. Martínez Hernández, *supra*, pág. 883. Ahora bien, el simple incumplimiento del plazo por sí solo no necesariamente constituye una infracción al derecho de juicio rápido. Pueblo v. Valdés *et al.*, 155 DPR 781, 793 (2001). Es decir, estos términos no son fatales y pueden extenderse por justa causa, por demora atribuible al acusado o cuando el imputado o acusado consiente a ello. Pueblo v. Carrión, 159 DPR 633, 641 (2003). Esto está anclado a la norma establecida sobre que los derechos tanto del acusado como de la sociedad interesada en enjuiciarlo no están limitados por la estricta aritmética de la Regla. Pueblo v. Rivera Colón, 119 DPR 315, 322 (1987). Esto se debe a que, a pesar de que el derecho a juicio rápido es fundamental, no es absoluto. Pueblo v. García Vega, *supra*, pág. 610.

Bajo el inciso (n) (8) de la Regla 64 de Procedimiento Criminal, *supra*, el tribunal no puede desestimar una acusación o denuncia sin celebrar una vista evidenciaria. 34 L.P.R.A. Ap. II, R. 64 (n) (8). Cónsono con ello, para determinar si ha ocurrido una violación al derecho de juicio rápido, se deben examinar los siguientes criterios: (1) duración de la tardanza, (2) razones para la dilación, (3) si el acusado reclamó o invocó oportunamente ese derecho, (4) el perjuicio resultante de la tardanza (5) si la demora fue provocada por el acusado y (6) si el Ministerio Público demostró la existencia de justa causa para la demora. Pueblo v. Custodio Colón, *supra,* pág. 583; 34 LPRA Ap. II, R. 64. El perjuicio que el acusado reclame debido a una violación de su derecho a un juicio rápido no puede ser abstracto, ni basarse únicamente en un cálculo matemático. Pueblo v. Custodio Colón, *supra*,

pág. 583-584. Esto es, el daño debe ser uno real y sustancial. Pueblo v. Valdés et al., *supra*, pág. 792.

Cuando el acusado presenta de manera oportuna una reclamación por violación a los términos de juicio rápido, le corresponde al Ministerio Público demostrar la existencia de justa causa para la tardanza. Pueblo v. Santa-Cruz, 149 DPR 223, 239 (1999). También puede proveer evidencia de que el acusado fue el causante de la demora o que ha renunciado a su derecho de forma expresa y voluntaria y efectuada con pleno conocimiento de causa. Íd. El motivo de la demora debe estar enmarcado dentro de los parámetros de razonabilidad. Pueblo v. Rivera Colón, *supra.* pág. 323. A tenor con lo anterior, una dilación mínima de los términos de juicio rápido no necesariamente conlleva la desestimación de la denuncia o acusación, puesto que éste remedio extremo debe llevarse a cabo luego de un análisis ponderado de los criterios previamente esbozados. Pueblo v. Valdés et al., *supra*, pág. 793.

**C.**

Las decisiones de los tribunales de instancia merecen gran flexibilidad y deferencia, debido a que es el foro que conoce las particularidades del caso. Citibank et al. v. ACBI et al., 200 DPR 724, 735 (2018). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. Banco Popular de Puerto Rico v. Gómez Alayon, 213 DPR__ (2023); 2023 TSPR 145. Por tanto, los foros apelativos no deben pretender administrar ni manejar el curso ordinario de los casos ante el Tribunal de Primera Instancia. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434 (2013). No obstante, la discreción ha de ceder cuando se configura: (1) un claro abuso de discreción, (2) el tribunal actuó con prejuicio o parcialidad o (3) el tribunal se equivocó en la interpretación o aplicación de una norma procesal o de derecho sustantivo. Banco Popular de Puerto Rico v. Gómez Alayon, *supra,* pág. 13.

Identificar cuándo un tribunal está abusando de su discreción no resulta una tarea sencilla. Existen ciertas guías para poder determinar cuándo un tribunal ha abusado de su discreción. Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009). Así pues, un tribunal incurrirá en un abuso de discreción cuando el juez: (1) no toma en cuenta e ignora, sin fundamento alguno, un hecho material importante que no podía ser pasado por alto, (2) sin justificación, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en este o (3) toma en cuenta todos los hechos materiales e importantes, pero los sopesa y calibra livianamente. Íd.

**III.**

En el presente caso, la OPG nos solicita que revoquemos la *Resolución* del TPI mediante la cual desestimó la "**Denuncia**" presentada en contra del Recurrido, al amparo de la Regla 64 (n)(8) de Procedimiento Criminal, *supra*.

Por estar íntimamente relacionados los señalamientos de error presentados por el Peticionario, procedemos a discutirlos en conjunto.

En síntesis, la OPG alega que el foro recurrido erró al desestimar los cargos contra el señor Sáez Feliciano por violación a los términos de juicio rápido, a pesar de que conocía que el señalamiento estaba dentro del término y al no celebrar una vista evidenciaria antes de desestimar la "**Denuncia**".

Se desprende del expediente ante nuestra consideración que, el 11 de mayo de 2023, le radicaron cargos criminales al Recurrido por infringir el Artículo 3.2 de Ley Núm. 54, *supra*. Posteriormente, el 23 de mayo de 2023, se celebró la vista preliminar en la que no se halló causa probable para acusar al señor Sáez Feliciano. Insatisfecho, el Ministerio Público decidió recurrir en alzada. Dado a que se continuó posponiendo la misma, se pautaron distintas fechas para su celebración. A esos efectos, las partes acordaron las siguientes fechas: 9 de junio de 2023, 13 de julio de 2023, 31 de agosto de 2023, 18 y 29 de septiembre de 2023, 27 de octubre de 2023 y, 7 y 13 de diciembre de 2023.

Surge de la grabación de la vista celebrada el 13 de diciembre de 2023, que el caso fue llamado a las 9:45 a.m. y alrededor de **dos (2) minutos después —a las 9:47 a.m.—**, la juzgadora de instancia desestimó la "**Denuncia**", al amparo de la Regla 64 (n)(8) de Procedimiento Criminal, *supra*. Esto sucedió mientras la fiscal se encontraba en el pasillo con la presunta víctima del caso, la señora Renta Cruz. De la regrabación de los procedimientos pudimos constatar que la prueba de cargo estaba presente y que el foro *a quo*, sin corroborar si el Ministerio Público estaba o no preparado, procedió a desestimar la "**Denuncia**" sin más. El análisis detenido de las incidencias que precedieron la desestimación revela que el TPI no sopesó ninguno de los factores o aspectos que viene obligado a evaluar antes de desestimar una denuncia, conforme lo establece taxativamente la Regla 64 (n) (8) de Procedimiento Criminal, *supra*, ni celebró una vista evidenciaria a esos efectos.

Nótese que el inciso (n) (8) de la Regla 64 de Procedimiento Criminal, *supra*, dispone que, si la vista preliminar en alzada no se celebra dentro del término de 60 días luego de la determinación de no causa en vista preliminar, la denuncia puede ser desestimada. 34 LPRA Ap. II, R. 64 (n) (8). Ahora bien, la propia Regla dispone que el tribunal no puede desestimar la misma, sin celebrar una vista evidenciaria en la que evalúe las razones y duración de la tardanza, el perjuicio resultante de la demora, si la tardanza fue provocada por el acusado o si el Ministerio Público demostró justa causa para la tardanza. Pueblo v. Custodio Colón, *supra*, pág. 583. Ello es cónsono con la norma consistentemente establecida en nuestra jurisdicción, a los fines de que los términos de juicio rápido no son fatales. Pueblo v. Carrión, *supra*, pág. 641. Éstos pueden extenderse por justa causa o demora atribuible al acusado. Íd.

Asimismo, tampoco se puede perder de perspectiva que el foro de instancia está en la obligación de evaluar el perjuicio que el imputado o acusado reclame no sea abstracto, ni basarse únicamente en un cálculo matemático. Es decir, que debe demostrar que el daño fue uno real y sustancial. En el caso ante nos, a pesar de que la regrabación de los

procedimientos denota que el Ministerio Público estuvo presente, el TPI nunca le dio oportunidad para demostrar la existencia de justa causa para la tardanza o para proveer evidencia de que el Recurrido fue el causante de la demora o que renunció a su derecho de forma expresa y voluntaria. En fin, el récord refleja que no se cumplió con los dispuesto en la Regla 64 (n) (8) de Procedimiento Criminal, *supra*, y su jurisprudencia interpretativa antes de proceder con la drástica determinación de desestimar el proceso penal iniciado en contra del señor Sáez Feliciano.

En suma, tras un análisis minucioso del expediente ante nuestra consideración y de la regrabación de los procedimientos celebrados durante la vista del 13 de diciembre de 2023, notamos –primeramente– que la vista preliminar en alzada fue pospuesta en siete (7) ocasiones. Además, el 13 de diciembre de 2023, el foro primario desestimó la "**Denuncia**" luego de **dos minutos** de haber llamado el caso en sala, mientras la fiscal a cargo se encontraba en el pasillo con la señora Renta Cruz, alegada víctima de los delitos imputados al Recurrido. Por último, ni del expediente del caso, ni de la regrabación de los procedimientos celebrados ante el TPI surge que se hubiera celebrado una vista evidenciaria o se hubieran sopesado los aspectos que provee la Regla 64 (n) (8) de Procedimiento Criminal, *supra*, y la jurisprudencia en la que se les permitiera a las partes presentar prueba sobre dichos factores y determinar si existía justa causa o no para la dilación en la celebración de la vista preliminar en alzada **antes** de proceder con la drástica determinación de la desestimación de la acción criminal en contra del señor Sáez Feliciano.

**En vista de lo anterior, concluimos que el TPI, por voz de la Hon. Verónica Pagán Torres, claramente abusó de su discreción al desestimar la "Denuncia" presentada en contra el Recurrido, sin haber celebrado la vista evidenciaria que dispone la Regla 64 (n) (8) de Procedimiento Criminal, *supra,* ni haber sopesado los factores que dispone la misma <u>antes</u> de proceder con la desestimación de la acción penal y luego de siete (7) suspensiones de la vista preliminar en alzada. Si bien somos conscientes de que las determinaciones de los foros de**

**instancia merecen gran deferencia, en este caso en particular la *Resolución* recurrida del foro *a quo* resultó ser arbitraria e inconsistente con el estado de derecho vigente pues ignoró, sin fundamento alguno, las particularidades del caso y la norma aplicable al asunto que tuvo ante sí dicho Tribunal**.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia, expedimos* el auto de *certiorari* y *revocamos* la *Resolución* recurrida.

Se devuelve el caso al TPI para que, sin dilación alguna, se celebre la vista preliminar en alzada.

**Notifíquese inmediatamente y la Jueza Administradora, Hon. Lissette Toro Vélez**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones