ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br><br>Apelante<br><br>v.<br><br>JOSSIEAN CRUZ QUIRÓS<br><br>KYLE JOED RODRÍGUEZ CAQUÍAS<br><br>Apelados | KLCE202400310 | *CERTIORARI acogido como APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Sala 404<br><br>J SVP202300148<br>J SVP202300149<br><br>J SVP202300150 AL J SVP202300154<br><br>ART. 406 SC (2 CASOS)<br><br>ARTS. 404 Y 401 SC |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece ante este Tribunal la parte Apelante, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General (en adelante, "OPG" o la "Apelante"), mediante un recurso denominado C*ertiorari* presentado el 13 de marzo de 2024. Nos solicitó la revocación de las *Sentencias* emitidas por el Tribunal de Primera Instancia, Sala Superior de Ponce, notificadas y archivadas en autos el 25 de enero de 2024.

Tras examinar la naturaleza y procedencia del caso de autos, el *Certiorari* presentado ante nuestra consideración será acogido como un recurso de *Apelación,* aunque conservará la clasificación alfanumérica asignada por la Secretaría de este Tribunal.

Por los fundamentos que expondremos a continuación, *revocamos* las *Sentencias* apeladas.

Número Identificador

SEN2024 _____

**I**

Por unos alegados hechos ocurridos el 5 de agosto de 2023, el Ministerio Público presentó dos (2) denuncias contra el señor Jossiean Cruz Quirós, (en adelante, señor Cruz Quirós) por infracción al artículo 406 de la Ley Núm. 4 de 23 de junio de 1971, también conocida como Ley de Sustancias Controladas de Puerto Rico, 24 LPRA sec. 2406.[1] De igual manera, el Ministerio Público presentó cinco (5) denuncias contra el señor Kyle Joed Rodríguez Caquías (en adelante, señor Rodríguez Caquías) por violación al artículo 401 de la Ley Núm. 4 de 23 de junio de 1971, 24 LPRA sec. 2401.[2]

El 19 de septiembre de 2023, se celebró la vista preliminar, y el Tribunal de Primera Instancia determinó *No Causa* probable para acusar respecto a ambos imputados. En ese momento, el Ministerio Público anunció que no recurriría en alzada. No obstante, el foro primario apercibió a los imputados de que el Ministerio Público podría recurrir en alzada de la determinación precitada y solicitó las direcciones físicas de los Apelados.[3] La magistrada que presidió los procedimientos anotó en los expedientes las direcciones físicas del señor Cruz Quirós y el señor Rodríguez Caquías, respectivamente. **Además, advirtió que cualquier cambio de dirección durante los próximos sesenta (60) días debía ser informado por su representante legal al tribunal, toda vez que el Ministerio Público podía recurrir en alzada durante ese término.[4]**

El 22 de septiembre de 2023, el Ministerio Público presentó una *Moción Solicitando Vista Preliminar en Alzada*. **El Tribunal de Primera Instancia *motu proprio* señaló la vista preliminar en alzada para el 15 de noviembre de 2023**, o sea cincuenta y cuatro

---

[1] Apéndice X del Recurso de *Certiorari*, págs. 52-55.
[2] Apéndice X del Recurso de *Certiorari*, págs. 56-65.
[3] Apéndice X del Recurso de *Certiorari*, págs. 46 y 50.
[4] Apéndice VII del Recurso de *Certiorari*, pág. 43. Regrabación de Vista Preliminar del 19 de septiembre de 2023.

(54) días después de la moción de solicitud. Además, determinó que la citación de los imputados y de los testigos sería por conducto de la Oficina de Alguaciles.

Llamados los casos para la vista preliminar en alzada el **15 de noviembre de 2023,** los imputados no comparecieron. La representación legal del señor Rodríguez Caquías informó que este se encontraba ingresado en la Institución Correccional de Bayamón desde el 20 de octubre de 2023.[5] **Por otro lado, el representante legal del señor Cruz Quirós informó que su cliente no fue citado conforme a derecho, toda vez que se le dejó la citación en el portón de la residencia según la dirección que se desprendía del expediente del tribunal**. Ante la incomparecencia de los imputados, **el foro primario reseñaló la vista preliminar en alzada para el 16 de enero de 2024**. Asimismo, ordenó la notificación de la citación del señor Rodríguez Caquías a través del Departamento de Corrección y Rehabilitación.

Los días 7 y 14 de diciembre de 2023, los alguaciles del Tribunal de Ponce diligenciaron la citación del señor Cruz Quirós para la vista reseñalada para el 16 de enero de 2024 en la dirección que este último había notificado. Ambos diligenciamientos resultaron negativos. Una persona identificada como la madre del imputado alegó que su hijo ya no residía allí y que desconocía de su paradero.[6]

Llegado el día de la vista preliminar en alzada el 16 de enero de 2024, fue anunciado por el Ministerio Público, que el señor Rodríguez Caquías estaba sumariado desde el día anterior en la institución correccional de Ponce. La Fiscal informó que el Agente Braceros quien estaba en sala, había diligenciado una orden de

---

[5] Apéndice VI del Recurso de *Certiorari*, págs. 40. Regrabación de Vista Preliminar del 15 de noviembre de 2023.
[6] Apéndice IV del Recurso de *Certiorari*, págs. 36. Regrabación de Vista Preliminar del 16 de enero de 2024.

arresto por revocación de probatoria de un caso de otra jurisdicción. El Agente Braceros narró a la representante del Ministerio Público que el propio señor Rodríguez Caquías le notificó al Juez, que estaba citado para una vista preliminar en alzada el día siguiente y por ende debía ser trasladado al Tribunal.

Ante la ausencia de ambos imputados en la vista preliminar en alzada del **16 de enero de 2024,** los representantes legales de estos solicitaron la desestimación de los cargos por violación a los términos de juicio rápido conforme a la Regla 64 (n) (8) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64 (n)(8). Oportunamente, el Ministerio Público se opuso arguyendo que, en cuanto al señor Rodríguez Caquías existía justa causa para la demora, toda vez que la solicitud de traslado se había realizado, más sin embargo el Tribunal no emitió la orden. En cuanto al señor Cruz Quirós, adujo que éste había renunciado a los términos de juicio rápido, toda vez que se ausentó de la dirección física que este proveyó y no informó del cambio al Tribunal de Primera Instancia. Además, sostuvo que, previo a una solicitud de desestimación, el foro primario venía obligado a celebrar una vista evidenciaria para dilucidar la prueba y los elementos necesarios a ser considerados antes de proceder con una desestimación.

Ante los planteamientos esbozados, el Tribunal de Primera Instancia manifestó que resolvería la solicitud de desestimación por escrito, y señaló la celebración de la Vista preliminar en alzada para el 26 de enero de 2024. No obstante, el 25 de enero de 2024, el Tribunal de Primera Instancia notificó las *Sentencias* mediante las cuales desestimó los cargos contra ambos imputados al amparo de la Regla 64 (n) (8) de Procedimiento Criminal, *supra.*[7] El foro a *quo* concluyó que el Estado no demostró justa causa para la demora en

---

[7] Apéndice III del Recurso de *Certiorari,* págs. 18-35.

la celebración de la Vista preliminar en alzada, ni actuó con diligencia en la citación de los imputados. El foro primario razonó que el señor Cruz Quirós no cambió de dirección, sino que se desconocía su paradero. En adición, sostuvo que el Ministerio Público no actuó de manera diligente, ni realizó esfuerzos adicionales para localizar al señor Cruz Quirós.

Por su parte, con respecto al señor Rodríguez Caquías, el Tribunal de Primera Instancia reconoció que el señor Rodríguez Caquías estaba bajo custodia del estado, y que la solicitud para el traslado a la Vista preliminar en alzada había sido efectuada por parte del Ministerio Público. No obstante, el foro apelado señaló que, desconocía por qué el Departamento de Corrección y Rehabilitación no trasladó al imputado al tribunal. Sin embargo, concluyó que la ausencia del imputado Rodríguez Caquías era atribuible al Estado.

El Ministerio Público presentó una *Moción de Reconsideración* el 6 de febrero de 2024. Empero, esta fue denegada mediante *Resolución* emitida el 7 de febrero de 2024 y notificada el 12 del mismo mes y año. Inconforme con lo anteriormente resuelto, la OGP acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló los siguientes errores:

> EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ [AL] NO CELEBRAR UNA VISTA EVIDENCIARIA PREVIO A DESESTIMAR LAS DENUNCIAS CONTRA LOS IMPUTADOS, EN CONTRAVENCIÓN DEL CLARO TEXTO DE LA REGLA 64 (n) (8) DE PROCEDIMIENTO CRIMINAL.
>
> EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL DESESTIMAR LAS DENUNCIAS CONTRA LOS IMPUTADOS YA QUE CUALQUIER DEMORA SE DEBIÓ A LOS PROPIOS IMPUTADOS Y A LA CALENDARIZACIÓN DEL TRIBUNAL; EXISTIA JUSTA CAUSA POR PARTE DEL MINISTERIO PÚBLICO; Y LOS IMPUTADOS NO DEMOSTRARON HABER SUFRIDO PERJUICIO ALGUNO POR TAL DEMORA.

El 13 de marzo de 2024, emitimos *Resolución* mediante la cual le concedimos un término de diez (10) días a los Apelados, para que

presentaran sus alegatos en oposición. Ha transcurrido en exceso del plazo concedido sin que estos cumplieran con nuestra determinación.

En vista de lo anterior, procedemos a resolver los méritos de las controversias planteadas, sin el beneficio de sus comparecencias.

## II

### *-A-*

Como regla general, un tribunal apelativo no debe intervenir con las determinaciones de hechos ni con la adjudicación de credibilidad que haya efectuado el juzgador de los hechos, ni tiene facultad para sustituir las determinaciones del foro primario por sus propias apreciaciones. *Pueblo v. De Jesús Mercado*, 188 DPR 467, 478 (2013). Las decisiones de los tribunales de instancia merecen gran flexibilidad y deferencia, debido a que es el foro que conoce las particularidades del caso. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 735 (2018). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. *BPPR v. SLG Gómez-Alayón,* 213 DPR__ (2023); 2023 TSPR 145. Por tanto, los foros apelativos no deben pretender administrar ni manejar el curso ordinario de los casos ante el Tribunal de Primera Instancia. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434 (2013).

No obstante, la discreción ha de ceder cuando se configura: (1) un claro abuso de discreción, (2) el tribunal actuó con prejuicio o parcialidad o (3) el tribunal se equivocó en la interpretación o aplicación de una norma procesal o de derecho sustantivo. *BPPR v. SLG Gómez-Alayón, supra.*

El adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad. La

discreción es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964). El abuso de discreción se puede manifestar de varias maneras en el ámbito judicial. *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

Para determinar si un tribunal incurrió en craso abuso de discreción, se deben considerar los siguientes criterios: (1) el juez no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (2) el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en él, o (3) a pesar de tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez sopesa y los calibra livianamente. *Pueblo v. Custodio Colón*, 192 DPR 567, 589 (2015).

El Tribunal de Apelaciones no debe elaborar sobre la pasión, el prejuicio y la parcialidad si no puede fundamentar que esto ocurrió en el caso ante su consideración. *Gómez Márquez v. Periódico el Oriental Inc.,* 203 DPR 783, 785 (2020). En casos en que el Tribunal de Instancia incurra en pasión, prejuicio, error manifiesto, y, por ende, en abuso de discreción, las situaciones reseñadas impiden que se le conceda la deferencia que como regla general se le confiere. Esto se hace necesario para no incurrir en una injusticia. *Pueblo v. De Jesús Mercado, supra*, pág. 780.

*-B-*

La Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R. 23, es la fuente estatutaria que establece y regula la vista preliminar. Su objetivo es instituir un paso previo a la acusación, en el cual el Ministerio Público tiene la obligación de demostrar que existe causa probable para procesar a un imputado por la comisión de un delito grave. *Pueblo v. Martínez Hernández,* 208 DPR 872, 832

(2022); *Pueblo v. Andaluz Méndez*, 143 DPR 656, 661 (1997). En otras palabras, demostrar que existe causa probable para creer que el imputado cometió el delito. Su función no es establecer la culpabilidad o inocencia del acusado, sino determinar si, en efecto, el Estado tiene adecuada justificación para continuar con un proceso judicial". *Pueblo v. Andaluz Méndez, supra*, pág. 661. De esa forma, el Ministerio Público obtiene autorización para poder presentar la acusación. *Pueblo v. Figueroa*, 200 DPR 14, 21 (2018).

Por otro lado, en aquellos casos en que el Ministerio Público no obtiene una determinación de causa probable por el delito contenido en la denuncia, la Regla 24 (c) de Procedimiento Criminal, 34 LPRA Ap. II, R. 24 (c), provee para la celebración de la vista preliminar en alzada. *Pueblo v. Ríos Alonso*, 149 DPR 761, 768-769 (1999). A tenor con esta otra regla, el fiscal que no esté satisfecho con la determinación a la que llegue el magistrado que presidió la vista preliminar original, sea porque determinó ausencia total de prueba o, porque determinó causa probable por un delito menor al contenido en la denuncia, podrá someter el asunto nuevamente ante otro magistrado de jerarquía superior, presentando la misma prueba que ofreció en la vista preliminar o presentado prueba distinta. *Íd.*

En esta segunda vista, el magistrado podrá también determinar que existe causa probable por el delito imputado en la denuncia, causa probable por algún delito menor incluido en el imputado o inexistencia de causa probable. *Pueblo v. Ríos Alonso, supra*, pág. 768; *Pueblo v. Cruz Justiniano*, 116 DPR 28, 30 (1984). **Es necesario señalar que, la vista en alzada no es una revisión judicial ni una apelación de la vista inicial**. *Pueblo v. Díaz de León*, 176 DPR 913 (2009). Es un procedimiento independiente, separado y distinto, en el que puede presentarse la misma u otra prueba con el propósito de que el Estado pueda conseguir una

determinación *favorable* de causa probable por el delito por el cual ha pretendido acusar al imputado desde el inicio del proceso criminal instituido contra éste. *Pueblo v. Ríos Alonso, supra*, pág. 769.

El término de 60 días para celebrar la vista preliminar en alzada bajo esta regla no es uno inflexible ni rígido. *Pueblo v. Rivera Arroyo*, 120 DPR 114, 120 (1987). Cuando el imputado se encuentra recluido en una institución penal del Estado, la vista preliminar en alzada debe celebrarse dentro del término de 60 días a partir de la determinación inicial de falta de causa probable, a menos que: **(1) exista justa para la demora; (2) la demora se deba a solicitud del imputado o sea consentida por el mismo, o (3) el imputado haya renunciado expresa y voluntariamente, con pleno conocimiento de causa.** *Íd.* pág. 120.

-**C**-

En nuestro estado de derecho está consagrado el derecho a un juicio rápido. *Pueblo v. Rivera Santiago*, 176 DPR 559, 569 (2009). Este derecho está anclado en vindicar el derecho constitucional del acusado y el derecho a la sociedad a que se juzgue sin dilación alguna a los que infringen la ley. *Pueblo v. Martínez Hernández, supra*, pág. 832. Igualmente, la Constitución de Puerto Rico, reza como sigue:

> En todos los procesos criminales, **el acusado disfrutará del derecho a un juicio rápido y público, a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma,** a carearse con los testigos de cargo, a obtener la comparecencia compulsoria de testigos a su favor, a tener asistencia de abogado, y a gozar de la presunción de inocencia. Const. PR, Art. II, Sec. 11, 1 LPRA (Énfasis suplido).

La aludida prerrogativa es una variable y flexible que responde a un propósito dual: preservar el orden público, a la vez que protege la libertad individual. *Pueblo v. Custodio Colón, supra*, pág. 580. Así, la garantía del derecho a un juicio rápido busca salvaguardar los

derechos del acusado al evitar su detención indebida y prolongada antes del juicio, minimizar la ansiedad y preocupación que genera una acusación pública y al reducir las posibilidades de que una demora prolongada afecte su habilidad para defenderse. *Pueblo v. García Vega*, 186 DPR 592, 606 (2012); *Pueblo v. Rivera Santiago, supra,* pág. 570. A su vez, no descarta la protección de los derechos de la justicia pública, ya que busca que se enjuicie con prontitud a los que infringen la ley y pretende evitar retrasos en la administración estatal para enjuiciar cualquier conducta criminal. *Íd.*, pág. 607. Este derecho abarca desde la imputación inicial del delito hasta el juicio en su fondo. *Pueblo v. Martínez Hernández, supra,* pág. 882.

En miras de viabilizar esta norma constitucional, la Regla 64 de Procedimiento Criminal, 34 LPRA Ap. II, R. 64, regula el alcance y aplicación del derecho a un juicio rápido. En lo concerniente a la controversia ante nos, la precitada Regla dispone lo siguiente:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
>
> [...]
>
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
>
> [...]
>
> (8) **Que se celebró una vista preliminar en alzada luego de 60 días de la determinación de no causa en vista preliminar** [...] causa en vista preliminar. 34 LPRA Ap. II, R. 64 (n) (8) (énfasis suplido).
>
> **Se dispone que el tribunal no podrá desestimar una acusación o denuncia, bajo este inciso, sin antes celebrar una vista evidenciaria**. En la vista, las partes podrán presentar prueba y el tribunal considerará los siguientes aspectos:
>
> > (1) Duración de la demora;
> > (2) razones para la demora;
> > (3) si la demora fue provocada por el acusado o expresamente consentida por éste;

(4) si el Ministerio Publico demostró la existencia de justa causa para la demora, y

(5) Los perjuicios que la demora haya podido causar.

Una vez celebrada la vista, el magistrado consignará por escrito los fundamentos de su determinación, de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar, si así lo solicitan, la reconsideración o revisión de dicha determinación.

(Énfasis suplido).

**La violación a los términos de juicio rápido acarrea la desestimación de los cargos y, por consiguiente, la culminación de la acción penal.** *Pueblo v. Martínez Hernández, supra*, pág. 883. **Ahora bien, el simple incumplimiento del plazo por sí solo no necesariamente constituye una infracción al derecho de juicio rápido.** *Pueblo v. Valdés et al.*, 155 DPR 781, 793 (2001). **Es decir, estos términos no son fatales y pueden extenderse por justa causa, por demora atribuible al acusado o cuando el imputado o acusado consiente a ello.** *Pueblo v. Carrión*, 159 DPR 633, 641 (2003). Esto está anclado a la norma establecida sobre que los derechos tanto del acusado como de la sociedad interesada en enjuiciarlo no están limitados por la estricta aritmética de la Regla. *Pueblo v. Rivera Colón*, 119 DPR 315, 322 (1987). Esto se debe a que, a pesar de que el derecho a juicio rápido es fundamental, no es absoluto. *Pueblo v. García Vega, supra*, pág. 610.

**Bajo el inciso (n) (8) de la Regla 64 de Procedimiento Criminal,** *supra***, el tribunal no puede desestimar una acusación o denuncia sin celebrar una vista evidenciaria**. **Cónsono con ello**, **para determinar si ha ocurrido una violación al derecho de juicio rápido, se deben examinar los siguientes criterios: (1) duración de la tardanza, (2) razones para la dilación, (3) si el acusado reclamó o invocó oportunamente ese derecho, (4) el perjuicio resultante de la tardanza (5) si la demora fue provocada por el acusado y (6) si el Ministerio Público demostró**

**la existencia de justa causa para la demora**. *Pueblo v. Custodio Colón, supra,* pág. 583; *Pueblo v. García Vega, supra,* pág. 610; 34 LPRA Ap. II, R. 64. **El perjuicio que el acusado reclame debido a una violación de su derecho a un juicio rápido no puede ser abstracto, ni basarse únicamente en un cálculo matemático**. *Pueblo v. Custodio Colón, supra*, pág. 583-584. Esto es, el daño debe ser uno real y sustancial. *Pueblo v. Valdés et al., supra*, pág. 792.

Cuando el acusado presenta de manera oportuna una reclamación por violación a los términos de juicio rápido, le corresponde al Ministerio Público demostrar la existencia de justa causa para la tardanza. *Pueblo v. Santa Cruz*, 149 DPR 223, 239 (1999). El Estado también puede proveer evidencia de que el acusado fue el causante de la demora o que ha renunciado a su derecho de forma expresa y voluntaria y efectuada con pleno conocimiento de causa. *Íd.* El motivo de la demora debe estar enmarcado dentro de los parámetros de razonabilidad. *Pueblo v. Rivera Colón, supra.* pág. 323. A tenor con lo anterior, **una dilación mínima de los términos de juicio rápido no necesariamente conlleva la desestimación de la denuncia o acusación, puesto que este remedio extremo debe llevarse a cabo luego de un análisis ponderado de los criterios previamente esbozados.** *Pueblo v. Valdés et al., supra*, pág. 793. (Énfasis suplido).

### III

En el presente caso, la OPG nos solicita que revoquemos las *Sentencias* del Tribunal de Primera Instancia mediante las cuales desestimó las denuncias presentadas en contra de los Apelados, al amparo de la Regla 64 (n)(8) de Procedimiento Criminal, *supra*. Por estar íntimamente relacionados los señalamientos de error presentados por la parte Apelante, procedemos a discutirlos en conjunto.

En síntesis, la OPG alega que el foro Apelado erró al desestimar los cargos contra el señor Rodríguez Caquías y contra el señor Cruz Quirós por violación a los términos de juicio rápido, sin celebrar una vista evidenciaria. *Le asiste la razón.*

El 19 de septiembre de 2023, se celebró la vista preliminar ante el Tribunal de Primera Instancia contra los imputados. En ese momento la Honorable Jueza Avilés Mendoza, no encontró causa probable para acusar a los señores Cruz Quirós y Rodríguez Caquías, por lo que desestimó las denuncias de los Apelados. No obstante, **surge del expediente de autos y de la grabación de los procedimientos que fueron celebrados, que el Tribunal de Primera Instancia les realizó las advertencias de rigor sobre la posibilidad de que el Ministerio Público recurriera en una vista preliminar en alzada**. La Magistrada que condujo los procedimientos corroboró las direcciones físicas y les explicó la razones y el perjuicio que podrían sufrir, incluyendo el arresto de estos por no comparecer a una vista preliminar en alzada. Ambos acusados verbalizaron entender las consecuencias de dichos actos, según se desprende de la grabación de los procedimientos.

**El 22 de septiembre de 2023, ante una oportuna solicitud del Ministerio Público para la celebración de la vista preliminar en alzada, el foro primario señaló la misma para el 15 de noviembre de 2023, es decir, cincuenta y cuatro (54) días después de la vista preliminar, donde se determinó No Causa. Para la selección de esta fecha, el Tribunal de Primera Instancia no auscultó su disponibilidad con la representación legal de los imputados ni con el Ministerio Público.** Ahora bien, ante la incomparecencia de los imputados al señalamiento, el foro primario volvió a transferir la vista preliminar en alzada. Finalmente, ante una nueva incomparecencia de los imputados por alegadas deficiencias en el diligenciamiento a la dirección que el señor Cruz

Quirós y la falta de traslado del señor Rodríguez Caquías por conducto del Departamento de Corrección y Rehabilitación, el Tribunal de Primera Instancia desestimó los cargos que pesaban contra el señor Rodríguez Caquías y Cruz Quirós respectivamente al amparo de la Regla 64 (n) (8) de Procedimiento Criminal, *supra*, sin celebrar una vista evidenciaria. El foro apelado no consideró ningún tipo de elemento, más que se habían vencido los términos y los imputados no habían comparecido al tribunal por lo que concluyó que el Estado no fue diligente. Ante una *Moción de Reconsideración*, el foro Apelado declaró *No Ha Lugar* la misma.

Como podemos observar, el texto de la Regla 64 (n) (8) es claro y libre de ambigüedades. **La Regla 64 (n) (8) de Procedimiento Criminal, *supra*, exige la celebración de una vista evidenciaria. Este requisito no es discrecional ni optativo por parte del tribunal.** Es en la vista evidenciaria que el tribunal podrá sopesar la prueba necesaria y considerar si hubo demora, las razones, quién provocó dicha dilación; si existe justa causa para la misma y los perjuicios que esta demora pueda ocasionar. De un examen del expediente de epígrafe y de las grabaciones de los procedimientos, en la vista preliminar en alzada, concluimos que el tribunal Apelado no efectuó un análisis de los factores que determina la Regla 64 (n) (8) de Procedimiento Criminal, *supra.* Por lo que es forzoso concluir que no procedía una desestimación de las denuncias en dicha etapa de los procedimientos, toda vez que el Foro a *quo* actuó en contravención de las Reglas de Procedimiento Criminal, y de la jurisprudencia interpretativa. *Se cometió el error señalado.*

Por otro lado, señala la OPG que incidió el foro primario al desestimar las denuncias contra los imputados, ya que cualquier demora se debió a ellos mismos y a la calendarización del tribunal; existía justa causa por parte del Ministerio Público y los imputados

no demostraron haber sufrido perjuicio alguno por tal demora. *Le asiste la razón.*

El Tribunal de Primera Instancia soslayó que, en una vista anterior, el imputado Cruz Quirós brindó una dirección y que estaba advertido de que el Ministerio Público podría recurrir en alzada para la presentación de cargos en su contra. La primera ocasión que fue citado, la citación se dejó en el buzón de la residencia y dirección que este había provisto. Posteriormente, fueron diligenciadas dos citaciones por conducto de la Oficina de los Alguaciles, y es cuando, una mujer que se identificó como la progenitora del imputado, notifica que él no vive allí y desconoce de su paradero. El familiar indicó que "estaba deambulando", sin embargo, no existe certeza de dicha aseveración. Por lo que, es forzoso concluir que es atribuible al imputado el no poder citarle a su última dirección de récord, no al Ministerio Público.

**Por otro lado, el Ministerio Público solicitó mediante moción la vista preliminar en alzada dentro del término. Fue el Tribunal *motu proprio* quien señaló la vista preliminar en alzada, para cincuenta y cuatro (54) días después, apenas restando seis días para que concluyera el término directivo de sesenta días contemplado en la Regla 24 (c) de Procedimiento Criminal, 34 LPRA Ap. II, R. 24 (c).** La incomparecencia de los imputados a este señalamiento no puede adjudicarse meramente al Estado, toda vez que cuando se efectuó la solicitud de la vista, ambos estaban en la libre comunidad. En adición, estaban debidamente apercibidos que la vista preliminar en alzada podría efectuarse. A estos efectos, el único planteamiento que realizó el representante legal del señor Cruz Quirós fue que no había sido notificado conforme a derecho y que no renunciaban a los términos de juicio rápido. Es preciso señalar que este criterio de los términos

no es uno inflexible y no es el único factor que ponderar en el momento de desestimar una denuncia.

A su vez, los imputados no demostraron haber sufrido perjuicio alguno por la celebración de la vista preliminar en alzada fuera de término, ni en ese señalamiento ni en ningún posterior, toda vez que no hubo celebración de la vista evidenciaria tal como exige la Regla 64 (n) (8) de Procedimiento Criminal, *supra*. Es por ello que, en ausencia de la celebración de la vista evidenciaria por parte del Tribunal de Primera Instancia, resulta forzoso concluir que no se sopesaron los factores que provee la Regla 64 (n) (8) de Procedimiento Criminal, *supra.* Tampoco se evaluó la jurisprudencia interpretativa en la que se les permitiera a las partes presentar prueba sobre dichos factores y determinar si existía justa causa o no para la dilación en la celebración de la vista preliminar en alzada antes de proceder con la drástica determinación de la desestimación de la acción criminal en contra de los imputados Rodríguez Caquías y Cruz Quirós respectivamente. *Se cometió el error señalado.*

**En vista de lo anterior, concluimos que el Tribunal de Primera Instancia, por voz de la Honorable Verónica Pagán Torres claramente abusó de su discreción al desestimar las denuncias presentadas en contra los apelados, sin haber celebrado la vista evidenciaria que dispone la Regla 64 (n) (8) de Procedimiento Criminal, *supra*, ni haber sopesado los factores que dispone la misma antes de proceder con la desestimación de la acción penal.** Si bien somos conscientes de que las determinaciones de los foros de instancia merecen gran deferencia, en este caso en particular las *Sentencias* apeladas del foro *a quo* resultaron ser arbitrarias e inconsistentes con el estado de derecho vigente pues ignoró, sin fundamento alguno, las particularidades del caso y la norma aplicable al asunto que tuvo ante sí dicho Tribunal. **Es por ello por lo que, ante el craso abuso de discreción**

**presentado por el Tribunal de Primera Instancia, es necesario devolver el caso al foro apelado para que se celebre la vista preliminar en alzada conforme a la Regla 24 (c) de Procedimiento Criminal,** *supra.*

**IV**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, revocamos las *Sentencias* emitidas por el Tribunal de Primera Instancia, Sala Superior de Ponce y devolvemos el caso para que se celebre una vista evidenciaria en conformidad con la Regla 64 (n) (8) de Procedimiento Criminal, *supra.*

El Tribunal de Primera Instancia dará cumplimiento a lo ordenado, sin esperar a la remisión del mandato, conforme a lo dispuesto en la Regla 214 de Procedimiento Criminal, 34 LPRA Ap. II, R. 214.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones